UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:11-cr-553-T-33AEP

ALISHA MARIE HUMPHREY
_____/

**ORDER**

Now before the Court is Defendant Alisha Humphrey's Motion to Modify Sentence (Doc. # 419), filed July 5, 2013. The Government responded in opposition to the motion on July 16, 2013. (Doc. # 424). After due consideration and for the reasons stated below, the Court denies the motion.

**Discussion**

On May 18, 2012, before United States Magistrate Judge Anthony E. Porcelli, Humphrey entered a plea of guilty to Count I of the Indictment.[1] (Doc. ## 222, 229). Subsequently, Judge Porcelli issued a Report and Recommendation in which he recommended that the plea of guilty be accepted, that the defendant be adjudged guilty, and that sentence be imposed accordingly. (Doc. # 231). On June 1, 2012, the Court adopted Judge Porcelli's Report and

---

[1] Count I of the Indictment alleges conspiracy "to possess with the intent to distribute and to distribute a quantity of a mixture and substance containing a detectable amount of Oxycodone . . . ." (Doc. # 1 at 2).

Recommendation and adjudged Humphrey guilty as to Count I of the Indictment. (Doc. # 270).

Humphrey filed a Motion for Variance Below the Advisory Guideline Range (Doc. # 363), which made several requests including that the Court "[o]rder that [Humphrey] receive credit for her Federal sentence concurrent with the balance of her State sentence . . . ." (Id. at 11). The Court conducted a sentencing hearing on October 22, 2012. (Doc. # 369). After considering all of the information presented, the Court determined that the request for a concurrent sentence should be denied and that the term of imprisonment imposed by the Court's judgment should run consecutively to the term of imprisonment imposed against Humphrey by the Pasco County Circuit Court in February 2012. (Id.). The two crimes – conspiracy to possess with intent to distribute Oxycodone and felonious possession of a firearm – are unrelated offences carrying separate penalties and the Court determined that a concurrent sentence was not appropriate.

Humphrey now moves the Court to modify her sentence and to "allow her federal sentence to run concurrent with her state prison sentence." (Doc. # 419 at 1). In its response to the instant motion, the Government states that

it has "no new information to provide to the Court that would impact [the Court's decision that the sentences run consecutively] or that supports the defendant's request." (Doc. # 424 at 1-2). Likewise, the Court has been presented with no new information that inclines the Court to modify the sentence it has already imposed.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Alisha Humphrey's Motion to Modify Sentence (Doc. # 419) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of July, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Parties and Counsel of Record