UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-553-T-33AEP

ALISHA MARIE HUMPHREY
_____/

**ORDER**

This matter comes before the Court pursuant to Alisha Marie Humphrey's pro se Amended Motion for Relief under the First Step Act (Doc. # 762), filed on July 2, 2019. The Government responded in opposition on July 18, 2019. (Doc. # 764). For the reasons that follow, the Motion is denied.

**I.  Background**

In 2012, Humphrey pleaded guilty to conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of Oxycodone in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. ## 1, 191). This Court then sentenced her to serve 130 months imprisonment to run consecutively with a sentence imposed in a state case. (Doc. # 382). In April 2016, Humphrey's sentence was reduced to 110 months to run consecutive to her state incarceration. (Doc.

# 597). In August 2016, her sentence was further reduced to 89 months. (Doc. ## 609, 610). Humphrey is currently incarcerated within the Northern District of Florida and is scheduled to be released on June 1, 2020. (Doc. # 761-1).

On April 12, 2019, Humphrey filed a Motion for Relief under the First Step Act. (Doc. # 752). The Government responded in opposition on July 2, 2019. (Doc. # 761). On the same day, before the Court could rule on the Motion, Humphrey filed the instant Amended Motion. (Doc. # 762). At the time of filing, Humphrey had served approximately 62 percent of her full sentence. (Doc. # 761-2 at 5). The Government has responded (Doc. # 764), and the Amended Motion is ripe for review.

## II. Discussion

Although Humphrey mentions Sections 102 and 3582 in her Amended Motion, she does not raise any arguments pursuant to those sections. (Doc. # 762). Instead, Humphrey is seeking "a Court Order requesting from the BOP that she be placed into a home confinement imprisonment to finish out her term." (Id. at 8). Specifically, she states she "is not seeking a modification to the length of her sentence but more so towards

the placement of where she will complete her sentence." (Id. at 7).

Section 602 of the First Step Act authorizes the Bureau of Prisons (BOP) to "place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2). The maximum amount of time allowed for home confinement is the lesser of six months or 10 percent of the full term of imprisonment. Id.

The decision whether to place a prisoner in home confinement is solely within the discretion of the BOP and the Attorney General. See United States v. Campanale, No. 8:15-cr-65-T-24AEP, Doc. 84 (M.D. Fla. Apr. 16, 2019). As one court noted, "Congress . . . directed BOP to place prisoners on home confinement 'to the extent practicable.'" United States v. Yates, No. 15-40063-01-DDC, 2019 WL 1779773 at *4 (D. Kan. Apr. 23, 2019). Furthermore, Section 3624(c) states: "The authority under this subsection *may be used* to place a prisoner in home confinement. . . ." 18 U.S.C. § 3624(c)(2) (emphasis added). Therefore, it is at the BOP's discretion, not this Court's, to determine if Humphrey is eligible to be

placed on home confinement.

Nevertheless, Humphrey's Amended Motion is premature. Her projected release date is June 1, 2020. (Doc. # 761-2 at 1). Her home detention eligibility begins six months prior on December 1, 2019. (Id.). At that time, it will be within the BOP's discretion to determine if Humphrey qualifies for six months of home detention. After exhausting her administrative remedies, which she currently has not done (Id. at 7-9), Humphrey may seek review of the BOP's decision on constitutional grounds by filing a Section 2241 petition. See Austin v. Woods, No. 2:19-cv-7-WHA, 2019 WL 2417654 (M.D. Ala. May 17, 2019) (holding that a prisoner must first exhaust their administrative remedies for home confinement before seeking relief under Section 2241). But such a challenge must be brought within the district of confinement. 28 U.S.C. § 2241(a).

Humphrey is unable to satisfy the requirements of Section 2241 because she is not incarcerated within the Middle District of Florida, and she has not exhausted her administrative remedies. (Doc. ## 761-1, 761-2 at 7-9). Therefore, because this Court lacks the authority to place

4

Humphrey on home confinement and because she is unable to meet the statutory requirements to challenge the BOP's decision regarding home confinement, this Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Alisha Marie Humphrey's pro se Amended Motion for Relief under the First Step Act (Doc. # 762) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of July, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE